# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**JOHN ROBERT DEMOS, JR.,**

    Petitioner,

v.                            Case No. 1:16cv252-MP/CAS

**PRESIDENT OF THE USA, and**
**U.S. SECRETARY OF DEFENSE**

    Respondents.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

On June 27, 2016, Petitioner John Robert Demos, Jr., proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner has also filed a motion for leave to proceed in forma pauperis. ECF No. 2.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned concludes this § 2254 petition should be dismissed for lack of jurisdiction.

## Background

Petitioner is an inmate at the Washington State Penitentiary in Walla Walla, Washington. ECF No. 1. He was convicted in 1978 in King County Superior Court, Seattle, Washington, of attempted rape and first degree burglary and sentenced to life in prison. *Id.* at 1; *see, e.g.*, Demos v. U.S. Att'y Gen., No. MC10-54-MJP-JPD, 2010 WL 1980310 (W.D. Wash. Apr. 22, 2010). He is "well-known" in the State of Washington "and nationally as an abusive litigant." Demos, 2010 WL 1980310 at *1. In particular, as a Washington federal court has explained, "[h]e is under pre-filing bar orders in a number of courts, including [the Western District of Washington], the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court." *Id.* As reflected in PACER (Public Access to Court Electronic Records), Petitioner has filed hundreds of civil actions and appeals throughout the United States. *See, e.g.*, Demos v. State of Washington, No. 14-24686-CIV-LENARD/WHITE, 2015 WL 4880856 (S.D. Fla. Aug. 17, 2015).

## Analysis

Petitioner's case here should be dismissed for lack of jurisdiction. He challenges his state court conviction and sentenced imposed by the Washington court. See ECF No. 1. Jurisdiction is appropriate in the district of confinement and the district of conviction. 28 U.S.C. § 2241(d) (providing that state prisoner may file habeas petition in district where he was convicted and sentenced or in district where he is incarcerated). Petitioner was not convicted in Florida, nor is he confined in Florida. Accordingly, this Court does not have jurisdiction over his § 2254 petition.

In its discretion, this Court could recommend the § 2254 petition be transferred to the district court in Washington. See 28 U.S.C. § 1631. Petitioner has, however, previously filed a § 2254 petition in the Washington federal courts. See, e.g., Demos v. U.S. President, No. 2:15-CR-284-DBH, 2015 WL 4876011 (D. Me. Aug. 14, 2015); Demos v. State of Washington, No. 09-3277-RDR, 2010 WL 465975, at *2 (D. Kan. Feb. 4, 2010). Thus, this constitutes a successive petition for which Petitioner has not first secured authorization from the Ninth Circuit Court of Appeals. See 28 U.S.C. § 2244(b)(3)(A).

## Conclusion

Based on the foregoing, the § 2254 petition (ECF No. 1) filed by John Robert Demos, Jr., should be dismissed for lack of jurisdiction.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to

whether a certificate should issue by objections to this report and recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

### Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DISMISS** the § 2254 petition (ECF No. 1). It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 21, 2016.

> S/ Charles A. Stampelos
> CHARLES A. STAMPELOS
> UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**